IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GRINDLEY COLLINS and<br>LEKESHA COLLINS | § § § | |
| v. | § | NO. 1:12-CV-58 |
| UNITED STATES ARMY | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On May 2, 2012, this *pro se* and *in forma pauperis* action was referred for all pretrial matters to the Honorable Zack Hawthorn, United States Magistrate Judge. The Court has received and considered the report (Doc. No. 15) of the magistrate judge, who conducted a screening of the Plaintiffs' complaint in accordance with Congress's mandate regarding *in forma pauperis* actions.[1] In light of a prior action between the parties involving the same facts arising from the same series of events as this instant case, the magistrate judge recommends that the case be dismissed with prejudice as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2).

On October 2, 2012, *pro se* Plaintiffs Grindley and Lekesha Collins filed a letter to the Court. (Doc. No. 18.) Because it appears the Plaintiffs mailed this letter after they received the magistrate judge's report and recommendation,[2] the Court construes the pleading as an objection to the magistrate judge's report and recommendation. The Plaintiffs filed no other objections to the magistrate judge's report and recommendation, nor did the Defendant file a response to the

---

[1]. Congress granted federal courts broad discretion in conducting screening of IFP plaintiffs' allegations. Congress instructed federal trial and appellate courts to dismiss such complaints "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (2006).

[2]. The magistrate judge's report and recommendation was entered on September 28, 2012. (Doc. No. 15.) United States Postal Service Certified Mail green cards showing receipt of the report and recommendation by the Plaintiffs were returned to the Clerk's Office on October 1, 2012. (Doc. Nos. 16, 17.) The Plaintiffs' letter to the Court is postmarked October 1, 2012. (Doc. No. 18.)

Plaintiffs' letter to the Court. The deadlines for filing both have passed.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those portions of the report to which the party specifically objects. 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3). "Frivolous, conclusive[,] or general objections need not be considered by the district court." Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

The Plaintiffs do not mention the magistrate judge's report and recommendation nor identify any specific issue of law or fact, among those set forth in the magistrate judge's report and recommendation, with which they disagree. The Plaintiffs generally restate the allegations listed in their complaint. Therefore, the Plaintiffs' objection fails to invoke the Court's authority to review the report and recommendation. Nonetheless, the Court has undertaken a de novo review of the record, and the Court concludes that the magistrate judge's analysis is correct. The Plaintiffs' objection is without merit. It is, therefore,

**ORDERED** that the Plaintiffs' objection (Doc. No. 18) is **OVERRULED**, the magistrate judge's report and recommendation (Doc. No. 15) is **ADOPTED**, and this lawsuit is **DISMISSED with prejudice**. Final judgment will be entered separately.

**SIGNED** this the **29** day of **October, 2012.**

_____
Thad Heartfield
United States District Judge